**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

GEORGE SCANTLAND,

    Plaintiff,

CASE NO. 07-CV-15311

v.

DISTRICT JUDGE GERALD E. ROSEN
MAGISTRATE JUDGE CHARLES BINDER

CLINTON TOWNSHIP POLICE
DEPARTMENT, STEVE BAILEY,
Agent, ROGER CLEMONS, Agent,
MATTHEW SCHNEIDER, Assistant
United States Attorney, KIMBERLY
MITSEFF, Macomb County Assistant
Prosecutor, TIMOTHY BARKOVIC,
Attorney,

    Defendants.
    _____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) and 42 U.S.C. § 1997e(c)(1)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

**II.    REPORT**

    **A.    Introduction**

This *pro se* prisoner civil rights case brought pursuant to 42 U.S.C. § 1983 was referred by United States District Judge Gerald E. Rosen to the undersigned Magistrate Judge for pretrial case management pursuant to 28 U.S.C. § 636(b). (Dkt.3.) Plaintiff is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and is currently housed at FCI Elkton in

Elkton, Ohio. Plaintiff filed this action on December 13, 2007, alleging that Defendants violated his civil rights during the investigation and the pendency of his underlying federal criminal case. (Dkt. 1; See, E.D. Mich. Dkt. 2:04-CR-80773.)[1] After having reviewed the dockets and having screened the complaints, I find that the case is ready for Report and Recommendation.

**B.      Governing Standards**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915(e), when a plaintiff (prisoner or not) seeks IFP status, the court "shall dismiss the case at any time if the court determines that...the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). In addition, the "court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The screening process requires the court to "dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). Since Plaintiff has applied for IFP status and is suing governmental employees, both of these provisions apply. 28 U.S.C. § 1915 and 1915A.

Similarly, under the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq*., the court "shall on its own motion or on the motion of a

---

[1] I note that Plaintiff previously filed a suit against Defendant Barkovic which was summarily dismissed on June 30, 2006 by U.S. District Judge Rosen. (E.D. Mich. No. 2:06-CV-12158, Dkt. 6.)

2

party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d

3

850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___U.S.___, 127 S. Ct. 1955, 1974 (2007).

## C. Discussion

The statute of limitations for civil rights actions under 42 U.S.C. § 1983 is defined by state law. *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. MICH. COMP. LAWS § 600.5805(8); *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004); *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986). Although statutes of limitations are governed by state law, the question of when civil rights claims accrue remains one of federal law. *Wallace v. Kato*, ___ U.S. ___, 127 S. Ct. 1091, 1095, ___ L. Ed. 2d ___ (2007) ("While we have never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law and is *not* resolved by reference to state law."); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995). Accrual occurs "when the plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief.'" *Wallace*, 127 S. Ct. at 1095 (citations omitted). In *Wallace*, the plaintiff sought damages for his alleged unlawful arrest. The Seventh Circuit held that his § 1983 claim was time-barred because the cause of action accrued at the time of his arrest and not when his conviction was later set aside. The U.S. Supreme Court held that "the statute of limitations upon a plaintiff's § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the

4

claimant becomes detained pursuant to legal process," i.e., when he appeared before the examining magistrate and was bound over for trial. *Id.* at 1100, 1097.

The Court in *Wallace* also acknowledged that unlike the malicious prosecution model used in the *Heck* decision, some § 1983 claims, such as the unlawful arrest claim in *Wallace* and in the instant case, "accrue before the setting aside of – indeed, even before the existence of – the related criminal conviction." *Id.* at 1098. Nonetheless, the Court declined to "adopt a federal tolling rule" and rejected application of any equitable tolling principles. *Id.* at 1099.

Plaintiff filed the instant action on December 13, 2007. (Dkt. 1.) The events that he complains of occurred in the summer and fall of 2004. Review of the docket in Plaintiff's underlying criminal case shows that Plaintiff was arrested on September 22, 2004, and appeared before magistrate Judge Pepe on September 22, 2004. (E.D. Mich. No. 2:04-CR-80773.) Although a preliminary examination date was set, an indictment was instead returned on October 5, 2004, and Plaintiff appeared before Magistrate Judge Komives for arraignment on October 12, 2004. (*Id.*, Dkt. 6.) Under *Wallace*, I suggest that Plaintiff's cause of action accrued, at the very latest, on October 12, 2004. Since the instant complaint was not filed until December 13, 2007, over three years and 2 months later, I suggest that this action is barred by the statute of limitations, and therefore suggest that the case should be dismissed for failure to state a claim upon which relief can be granted.

### III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of

appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                 s/ *Charles E. Binder*
                                  CHARLES E. BINDER
Dated: February 14, 2008              United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, served on George Scantland by first class mail, and served on Judge Rosen in the traditional manner.

Date: February 14, 2008                 By     s/Jean L. Broucek
                                                        Case Manager to Magistrate Judge Binder